UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE L. GORMAN,

Plaintiff,

v.                                              No. 3:25 CV 740

J. SMILEY, GONZALES, EVANS,
WATTS, MZRONISKI,

Defendants.

## OPINION and ORDER

Andre L. Gorman was a prisoner without a lawyer when he filed this complaint.

(DE # 1.) Although counsel has since entered an appearance on his behalf (DE # 13), the

court must still review the merits of a prisoner complaint pursuant to 28 U.S.C. § 1915A

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted).

Gorman alleges he asked prison officials at the Westville Correctional Facility for

protection from other inmates in his dorm on July 25, 2025, due to a "life threatening

situation." (DE # 1 at 2.) Despite initially being transferred to a holding cell for his

safety, he was released back into the same dangerous dorm after only seven hours.

Upon his return, he was almost immediately assaulted by several inmates who "punched and kicked [him] all over [his] body." (*Id.* at 3.) He was subsequently seen by medical for his injuries, and x-rays showed a "fracture/break" to his left wrist, "damage" to his right hand, and major bruising. Gorman has sued Warden J. Smiley, Sgt. Gonzales, Sgt. Evans, Sgt. Watts, and Ofc. Mzroniski for monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotation marks, brackets, and citations omitted). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

Giving Gorman the benefit of all reasonable inferences at this early stage of the litigation as is required, the court finds he has stated plausible failure to protect claims against the named defendants.

For these reasons, the court:

(1) **GRANTS** Andre L. Gorman leave to proceed against Warden J. Smiley, Sgt. Gonzales, Sgt. Evans, Sgt. Watts, and Ofc. Mzroniski in their individual capacities for compensatory and punitive damages for failing to protect him from the attack by other inmates at the Westville Correctional Facility on July 25, 2025, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden J. Smiley, Sgt. Gonzales, Sgt. Evans, Sgt. Watts, and Ofc. Mzroniski at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(4) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Warden J. Smiley, Sgt. Gonzales, Sgt. Evans, Sgt. Watts, and Ofc. Mzroniski to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 22, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT